UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUKE F. CRANFORD, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:15-cv-02189-GMN-PAL |
| | ) |
| v. | ) |
| | ) |
| STATE OF NEVADA, *et al.*, | ) **SCREENING ORDER** |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983, has filed an application to proceed *in forma pauperis,* and motions for injunctive relief. (ECF No. 4-1, 4, 2, 5). The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's amended[1] civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42,

---

[1] Plaintiff filed an amended complaint prior to the Court screening his original complaint. Accordingly, the Court finds the amended complaint to be the operative complaint and screens it now.

48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-

2

1 specific task that requires the reviewing court to draw on its judicial experience and common sense."
2 *Id.*

3 Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if
4 the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal
5 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of
6 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
7 allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28
8 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9 **II.     SCREENING OF COMPLAINT**

10 Plaintiff sues multiple defendants for events that occurred while Plaintiff was incarcerated at
11 High Desert State Prison ("HDSP").  (ECF No. 4-1 at 1).  Plaintiff sues the State of Nevada,[2] the
12 Nevada Department of Corrections ("NDOC"),[3] Warden Stroud, Director McDaniels, Romeo
13 Aranas, nurse Molly, and Dr. Leaks.  (*Id*. at 2-3).  Plaintiff alleges one count and seeks monetary and
14 injunctive relief.  (*Id*. at 4, 9).

15 Plaintiff alleges the following in his complaint: On November 1, 2015, he awoke with a
16 foreign object lodged in his left eye. (*Id*. at 4).  After failing to wash it out, on November 2, 2015,
17 Plaintiff spoke with nurse Molly who was unable to remove the object. (*Id*.).  Plaintiff filed an
18 emergency grievance and for several days he complained that his left eye was in pain. (*Id*.).  On
19 November 5, 2015, Plaintiff filed an informal grievance. (*Id*.).  Plaintiff woke up daily with his left
20 eye sealed shut and became fearful of going blind. (*Id*.).  Plaintiff wrote requests to Director
21 McDaniels, Romeo Aranas, and Warden Stroud. (*Id*.).  The object remains in his eye. (*Id*.).

22 Plaintiff alleges that the actions of defendants are "negligent and unreasonable and a
23 violation of [his] constitutional rights." (*Id*.).

---

[2] The Court dismisses with prejudice all claims against the State of Nevada, as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

[3] The NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010). As such, the Court dismisses with prejudice all claims against the NDOC, as amendment would be futile.

### A.     Eighth Amendment - Deliberate Indifference to a Serious Medical Need

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*.  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted).  When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff fails to state a colorable Eighth Amendment deliberate indifference claim.

4

Plaintiff's complaint alleges that defendants were negligent in treating the object in his eye. Negligence is insufficient to state a cognizable constitutional claim for deliberate indifference to serious medical needs. Plaintiff's complaint will be dismissed without prejudice, with leave to amend.

### B. Leave to Amend

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the amended complaint. If Plaintiff chooses to file a second amended complaint he is advised that a second amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies as outlined in this order, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action shall be dismissed with prejudice for failure to state a claim.

### III. MOTIONS FOR INJUNCTIVE RELIEF

Plaintiff has filed two motions for injunctive relief (ECF No. 2, 5) seeking an "eye doctor not affiliated with the Nevada Department of Corrections . . . to remove the foreign object from Plaintiff's left eye." (ECF No. 2 at 2).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).  Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Plaintiff has not demonstrated that he is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief.  Plaintiff's motions for injunctive relief (ECF No. 2, 5) are denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** a decision on the application to proceed *in forma pauperis* (ECF No. 4) is **deferred**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **shall file** the amended complaint (ECF No. 4-1).

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint is **dismissed without prejudice**, with leave to amend.

**IT IS FURTHER ORDERED** that the State of Nevada and the Nevada Department of Corrections are **dismissed with prejudice**, as amendment would be futile.

**IT IS FURTHER ORDERED** that Plaintiff's motions for preliminary injunction (ECF No. 2, 5) are **denied**.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file a second amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the second amended complaint within **30 days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his amended complaint (ECF No. 4-1).  If Plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights

Complaint" in the caption.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action shall be dismissed with prejudice.

DATED: This __12__ day of May, 2016.

_____
United States District Judge

<␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄␄

Case 2:15-cv-02189-GMN-PAL   Document 6   Filed 05/13/16   Page 8 of 8