UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DUKE F. CRANFORD,<br><br>                       Plaintiff,<br>    v.<br><br>E.K. McDANIEL, et al.,<br><br>                       Defendants. | Case No. 2:15-cv-02189-GMN-PAL<br><br>**ORDER**<br><br>(Mot. for Service – ECF No. 25) |

This matter is before the court on Plaintiff Duke K. Cranford's Motion for Service of Complaint and Summons Upon Defendant Molly Chiello (ECF No. 25). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Cranford is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC") at the Northern Nevada Correctional Center. He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. *See* Order (ECF No. 19). This case arises from Cranford's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the High Desert State Prison ("HDSP"). On November 18, 2015, he commenced this action by filing an IFP Application (ECF No. 1) and a proposed complaint. Upon initial review of the complaint, the court issued an Order (ECF No. 6) instructing Mr. Cranford to file an amended complaint to correct certain defects in his pleading. Once he did so, *see* Second Am. Compl. (ECF No. 11), the court issued a Screening Order (ECF No. 13) finding that he stated a plausible Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants E.K. McDaniels, Romeo Aranas, B. Stroud, Dr. Leaks, and nurse Molly.

The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the

discovery process. *See* Screening Order (ECF No. 13); Order (ECF No. 15). However, the parties did not reach a settlement and the case was returned to the normal litigation track. *See* Mins. of Proceedings (ECF No. 16). The court therefore entered an Order (ECF No. 19) directing electronic service of the Second Amended Complaint on the Nevada Office of the Attorney General ("Attorney General") and instructing that a notice be filed with the court indicating the names of the defendants for whom the Attorney General accepts service, and those it does not. *Id.* ¶ 5.

On December 9, 2016, the Attorney General accepted service on behalf of Defendants E.K. McDaniels, Romeo Aranas, and Bruce Stroud (the "NDOC Defendants"). *See* Notice Acceptance of Service (ECF No. 20). However, service was not accepted for Defendant Molly Chiello, which prompted the Attorney General to file her last known address under seal. *See* Sealed Submission of Last Known Address (ECF No. 21); Notice of Sealed Submission of Last Known Address (ECF No. 22). The Notice did not expressly indicate whether the Attorney General was refusing to accept service on behalf of Dr. Leaks, and the Attorney General did not submit the doctor's last known address under seal.[1] The NDOC Defendants filed their Answer (ECF No. 23) to the Second Amended Complaint on January 17, 2017.

Mr. Cranford's motion asks the court to issue summons to Defendant Chiello and direct service to her last known address. In cases involving an incarcerated IFP plaintiff, the USM will serve the summons and the complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Thus, the Clerk of the Court will be directed to issue summons under seal to Defendant Chiello and provide the U.S. Marshal Service ("USM") with her last known address to attempt service. If the USM is unable to serve Defendant Chiello at her last known address and Cranford wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Mr. Cranford must comply with this Order by accomplishing service by **July 14, 2017**, and his failure to complete service by that deadline may result in a recommendation to the district judge that the claims against Defendant Chiello be dismissed without prejudice.

---

[1] The court will address this oversight in a separate order.

2

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Plaintiff Duke K. Cranford Motion for Service of Complaint and Summons Upon Defendant Molly Chiello (ECF No. 25) is GRANTED.

2. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to accomplish service on Defendant Chiello is **July 14, 2017**.

3. The Clerk of the Court SHALL ISSUE SUMMONS *UNDER SEAL* for Defendant Molly Chiello and deliver the same to the USM for service, along with a copy of the Second Amended Complaint (ECF No. 11), Sealed Submission of Last Known Address (ECF No. 21), and this Order.

4. The USM is directed to serve Defendant Chiello at the address listed in the Sealed Submission of Last Known Address (ECF No. 21).

5. After attempting service, the USM shall redact the return of service form so that Defendant Chiello's last known address is not made publically available and file a notice with the court indicating whether she was served.

6. If the USM is unable to serve Defendant Chiello and Mr. Cranford wishes to have service attempted again, he must timely file a motion specifying a more detailed name and/or address for her, or whether some other manner of service should be attempted.

7. Mr. Cranford must comply with this Order by accomplishing service by **July 14, 2017**, and his failure to complete service by that deadline may result in a recommendation to the district judge that Defendant Molly Chiello be dismissed without prejudice.

Dated this 14th day of April, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE