UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DUKE F. CRANFORD, <br><br> Plaintiff, <br> v. <br><br> E.K. McDANIEL, et al., <br><br> Defendants. | Case No. 2:15-cv-02189-GMN-PAL <br><br> **ORDER** <br><br> (Mot. Appt. Counsel – ECF No. 24; <br> Mot. Scheduling Order – ECF No. 27) |

This matter is before the court on Plaintiff Duke K. Cranford's Motion for Appointment of Counsel (ECF No. 24) and Defendants' Motion for Issuance of Scheduling Order (ECF No. 27). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the motions. No response was filed for either motion and the deadline to do so has now expired.

**BACKGROUND**

Mr. Cranford is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC") at the Northern Nevada Correctional Center. He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* Order (ECF No. 19).

On November 18, 2015, Mr. Cranford commenced this action by filing an IFP Application (ECF No. 1) and complaint. Upon initial review of the complaint, the court issued an Order (ECF No. 6) instructing him to file an amended complaint to correct certain defects in his pleading. Once he did so, *see* Second Am. Compl. (ECF No. 11), the court issued a Screening Order (ECF No. 13) finding that Cranford stated a plausible Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants E.K. McDaniels, Romeo Aranas, B. Stroud, Dr. Leaks, and nurse Molly.

1

This case arises from Mr. Cranford's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the High Desert State Prison ("HDSP"). He alleges that he woke up with a foreign object lodged in his left eye on November 1, 2015. *See* Second Am. Compl. (ECF No. 11); Screening Order (ECF No. 13). The next day, nurse Molly examined his eye but she was unable to remove the object because she did not have the necessary equipment. Cranford filed an emergency grievance and complained to prison administrators about the condition of his left eye. His requests for medical care went unresolved and the object is still in his eye. Mr. Cranford continues to endure unreasonable pain and suffering, and he claims that his vision in his left eye has been irreversibly damaged.

The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *See* Screening Order (ECF No. 13); Order (ECF No. 15). However, the parties did not reach a settlement and the case was returned to the normal litigation track. *See* Mins. of Proceedings (ECF No. 16). The court therefore entered an Order (ECF No. 19) directing electronic service of the Second Amended Complaint on the Nevada Office of the Attorney General ("Attorney General") and instructing that a notice be filed with the court indicating the names of the defendants for whom the Attorney General accepts service, and those it does not. *Id*. ¶ 5.

On December 9, 2016, the Attorney General accepted service on behalf of Defendants E.K. McDaniels, Romeo Aranas, and Bruce Stroud (the "NDOC Defendants"). *See* Notice Acceptance of Service (ECF No. 20). However, service was not accepted for Defendant Molly Chiello, which prompted the Attorney General to file Chiello's last known address under seal. *See* Sealed Submission of Last Known Address (ECF No. 21); Notice of Sealed Submission of Last Known Address (ECF No. 22). The NDOC Defendants filed their Answer (ECF No. 23) to the Second Amended Complaint on January 17, 2017.

## DISCUSSION

I. **MR. CRANFORD'S MOTION FOR APPOINTMENT OF COUNSEL**

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654

F.2d 1349, 1353 (9th Cir. 1981)); *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent a litigant proceeding *in forma pauperis*. *Id*. This statute does not require that the court appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Mr. Cranford's motion asks the court to appoint counsel because he is not an attorney, he is 63 years old, and his eye sight is failing. Without court-appointed counsel to represent him, Cranford states that defendants will have an unfair advantage due to the foreign object that remains in his left eye. Thus, he argues that the appointment of counsel is in the interests of justice.

Here, Mr. Cranford has not established that exceptional circumstances exist to justify the appointment of counsel. The Second Amended Complaint states a colorable Eighth Amendment claim against the NDOC Defendants as well as defendants Chiello and Dr. Leaks. Based on the record, the court is unable to assess the likelihood of success of Cranford's claim on its merits. However, the court finds that the facts alleged and legal issues raised are not especially complex. Since commencing this action, Mr. Cranford has submitted numerous motions to the court. Despite his medical condition, he has demonstrated sufficient ability to write and articulate his claims. The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot

require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small. The motion is therefore denied.

II. **NDOC Defendants' Motion for Scheduling Order**

This motion asks the court to issue a scheduling order to commence discovery in this case. Pursuant to LR 16-1, this request is granted and a separate scheduling order will be issued.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Duke K. Cranford's Motion for Appointment of Counsel (ECF No. 24) is DENIED without prejudice.

2. Defendants' Motion for Issuance of Scheduling Order (ECF No. 27) is GRANTED. A separate scheduling order will be issued.

Dated this 24th day of April, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE