**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DUKE F. CRANFORD, | ) |
| Plaintiff, | ) Case No.: 2:15-cv-02189-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| E.K. McDANIEL, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion for Preliminary Injunction, (ECF No. 28), filed by pro se Plaintiff Duke F. Cranford ("Plaintiff").[1] Defendants Romeo Arana, E. K. McDaniels, and Warden B. Stroud (collectively "Defendants") filed a Response, (ECF No. 29). Plaintiff did not file a reply and the time to do so has passed. For the following reasons, the Court **DENIES** Plaintiff's Motion.

**I.    BACKGROUND**

This case arises from events that occurred while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (Sec. Am. Compl. ("SAC") at 4, ECF No. 11). Plaintiff alleges that on November 1, 2015, he awoke with a foreign object lodged in his left eye that he was unable to wash out. (*Id.*). On November 2, 2015, Plaintiff spoke with Nurse Molly at HDSP about the object, and she "failed to remove the object." (*Id.*). Plaintiff filed an emergency grievance, and for several days he complained that his left eye was in pain. (*Id.*). On November 5, 2015, Plaintiff filed an informal grievance. (*Id.*). Plaintiff alleges he woke up daily with his

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

left eye sealed shut and he became fearful of going blind. (*Id.*). Plaintiff asserts that he wrote requests to Defendants to remove the object from his eye and alleges that the object remains in his eye to this day. (*Id.*). Moreover, Plaintiff contends that the Defendants' failure to ameliorate the object in his eye is due to "negligence, gross negligence, and deliberate indifference that has risen to the level of cruel and unusual punishment." (*Id.*). Plaintiff seeks, *inter alia*, "an ophthalmologist not affiliated with the [Nevada Department of Corrections ("NDOC")] be hired at Defendants['] expense to remove [the] object from [Plaintiff's] eye." (*Id.* at 9).

Plaintiff previously filed two other motions for preliminary injunction, (ECF Nos. 2, 5), which the Court denied in its Screening Order, (ECF No. 6). Specifically, the Court held that "Plaintiff has not demonstrated that he is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief." (Screening Order 6:8–9). In the instant Motion, Plaintiff states "this is Plaintiff's second [sic] pro se move for injunctive relief to prevent any additional damage to his left eye." (Mot. for Prelim. Inj. at 1, ECF No. 28).

## II. <u>LEGAL STANDARD</u>

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. "[C]ourts must balance the competing claims of injury and

must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id.*

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

**III.     DISCUSSION**

Plaintiff seeks injunctive relief "to prevent any additional damage to his left eye." (Mot. for Prelim. Inj. at 1, ECF No. 28). Specifically, Plaintiff alleges that if the Court does not intervene, "there is a great possibility Plaintiff might lose his vision in his left eye," and Plaintiff asserts that "Defendants would no[t] suffer any harm whatsoever, nor hardship, if the foreign object in my left eye is removed." (*Id.* at 1–2). Plaintiff asks the Court "to have the

Defendants demonstrate and show how they would be harmed if this Motion was granted." (*Id.* at 2).

Defendants argue that "Plaintiff has failed to prove that extraordinary relief is warranted." (Resp. 4:4–5, ECF No. 29). Specifically, Defendants assert that "Plaintiff cannot establish deliberate indifference to a serious medical need," and "Plaintiff failed to exhaust the available administrative remedies before filing his suit." (*Id.* 4:13–17).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). Further, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

In order to be granted a preliminary injunction, Plaintiff must first show he is likely to succeed on the merits of a claim that would entitle him to the equitable remedy he seeks. *Winter*, 555 U.S. at 20.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Id.* at 104. A finding of deliberate indifference involves the examination of two elements: "[f]irst, the plaintiff must show a

serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant[s'] response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), *quoting Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also McGuckin v. Smith*, 974 F.2d 1050,1059 (9th Cir. 1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d.1133 (9th Cir. 1997). "In deciding whether there has been deliberate indifference to an inmate's serious medical needs, [the court] need not defer to the judgment of prison doctors or administrators." *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989). "[S]tate prison authorities have wide discretion regarding the nature and extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). However, "[a] prison official is deliberately indifferent under the subjective element of the test only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014), *quoting Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059–60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *McGuckin* and finding that an inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

If the medical needs are serious, Plaintiff must show that Defendants acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a

high legal standard." *Toguchi*, 391 F.3d at 1060. Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id.* Inadvertence, by itself, is insufficient to establish a cause of action under § 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Farmer*, 511 U.S. at 858). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment," or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *Hunt*, 865 F.2d at 201. Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Additionally, a prison physician is not deliberately indifferent to an inmate's serious medical need when the physician prescribes a different method of treatment than that requested by the inmate. *See McGuckin*, 974 F.2d at 1059 (explaining that negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (holding that a difference of opinion regarding the best course of medical treatment does not amount to deliberate indifference); *Franklin v. Oregon*, 662 F.2d 1337,1344 (9th Cir. 1981) (holding that a difference of opinion between a prisoner-patient and medical staff regarding treatment is not cognizable under § 1983). To establish that a difference of opinion amounted to deliberate indifference, the inmate "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that the course of treatment was chosen "in conscious disregard

of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff alleges as his serious medical need that "there is a great possibility Plaintiff might lose vision in his left eye" because "the condition of his sight has worsened since his initial move for an injunction." (*See* Mot. for Prelim. Inj. at 1). Moreover, Plaintiff asserts that Defendants' deliberate indifference arises from failing to remove the foreign object from his left eye. (*See id.*).

A reasonable doctor would find that the object in Plaintiff's eye would constitute an injury "worthy of comment or treatment" that, in addition, would continue "the existence of chronic and substantial pain." *McGukin*, 974 F.2d at 1059–60. Although Defendants "dispute that Plaintiff has a foreign object in his eye," the Court finds that the existence of an object consistently lodged in Plaintiff's eye constitutes a serious medical need. (Resp. 4:15).

However, even if Plaintiff suffers from a serious medical need, he must still establish Defendants' deliberate indifference. Plaintiff admits in his Motion that the prison provided him eye drops to put into his eye before sleeping. (Mot. for Prelim. Inj. at 2). Because Plaintiff states he has received these eye drops from the prison, Plaintiff fails to allege that Defendants denied, delayed, or intentionally interfered with medical treatment. Moreover, the determination by HDSP and Defendants to only prescribe eye drops for Plaintiff's condition amounts to a difference of opinion regarding the course of treatment not amounting to deliberate indifference. *See McGuckin*, 974 F.2d at 1059; *Sanchez*, 891 F.2d at 242; and *Franklin*, 662 F.2d at 1344. As such, the Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits with respect to the deliberate indifference prong of his Eighth Amendment claim.

Preliminary injunctive relief may be awarded only on a clear showing that the Plaintiff is entitled to relief. *Winter*, 555 U.S. at 22. Plaintiff has not made a clear showing here and, as such, his Second Motion for Preliminary Injunction is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Duke F. Cranford's Motion for Preliminary Injunction, (ECF No. 28), is **DENIED**.

**DATED** this __18__ day of June, 2017.

_____  6/18/17
Gloria M. Navarro, Chief Judge
United States District Judge